**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**RAYMOND L. SCOTT,**

                            **Plaintiff,**                      04-CV-0738A(Sr)

v.

**KALEIDA HEALTH - MILLARD FILLMORE,**

                            **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #12.

Currently before the Court is defendant's motion to dismiss the Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted. Dkt. #6. Alternatively, defendant seeks an order pursuant to Fed. R. Civ. P. 12(e) directing plaintiff to file an Amended Complaint setting forth the basis for his claim that his termination was discriminatory. Dkt. #6. For the reasons set forth below, it is recommended that defendant's motion to dismiss be granted with prejudice, and that defendant's alternative motion be denied as moot.

**BACKGROUND**

Plaintiff, acting *pro se*, commenced this action on September 13, 2004, by filing a Complaint pursuant to Title VII of the Civil Rights Act of 1994 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, alleging that he was terminated from his employment in retaliation for complaining about discrimination or harassment directed toward him. Dkt. #1, ¶ 13. Plaintiff also includes the following:

> Because I made a statement that an employee should have been fired for choking me on my job, even though I was on a last chance agreement.

Dkt. #1, ¶ 13. Plaintiff explains that he

> was on a last chance agreement, I could not get into any trouble for 18 mo. On Oct. 13, 2003, I was working 7 to 3 p.m. My x lady [sic] friend who also work[s] at Millard Fillmore came into the hospital and attack[ed] me in the cafeteria at breakfast time. I took out a complaint with H.R. and also my supervisor. [B]ecause I said around other employee[s] that she should be fired for choking me, H.R. is saying that was a threatening remark and then terminated me for being in violation of my last chance agreement.

Dkt. #1, ¶ 19. Although utilizing the *pro se* discrimination complaint template available from the Clerk of the Court, plaintiff did not complete the question regarding the type of discrimination alleged, *i.e.*, race, color, sex, religion, national origin, sexual harassment, age or disability. Dkt. #1, ¶ 14. Plaintiff attached to his complaint a copy of the EEOC's right to sue letter dated September 10, 2004. Dkt. #1.

Defendant asserts that the complaint fails to state a claim because plaintiff has not alleged membership in a protected class. Dkt. #7, ¶ 7. Defendant also

argues that plaintiff failed to exhaust administrative remedies with respect to any claim of retaliation. Dkt. #7, ¶ 5. In support of it's motion, defendant attached a copy of plaintiff's charge of discrimination with the New York State Division of Human Rights ("NYSDHR"), and a copy of the last chance agreement, which detailed two prior altercations between plaintiff and other employees. Dkt. #7, Exh. A & C.

In his complaint to the NYSDHR, plaintiff, a housekeeper employed at Millard Fillmore Hospital since October 26, 1996, alleged that he was discriminated against on the basis of sex. Specifically, plaintiff alleged that

> 3. On October 23, 2003 . . . Human Resources, terminated my employment for misconduct and because I threatened a co-worker. I totally deny these allegations and believe this to be a subterfuge and that I was terminated because of my sex.
>
> 4. On October 23, 2003, a co-worker . . . came into the hospital and while I was working proceeded to choke me . . . claiming that I owed her money. This incident was witnessed by several employees and proper reports were filed. I believe this incident contributed to my termination of employment and that the attacker . . . was not disciplined nor was she terminated.
>
> 5. In view of the stated facts, I charge the Respondent with unlawful discriminatory practices related to employment by denying me equal terms, conditions and privileges and by terminating my employment because of my sex.

Dkt. #7, Exh. A.

In response to the motion to dismiss, plaintiff complains that Human Resources terminated him because after he was attacked by his co-worker in the

cafeteria, she "began to receive threatening calls, so they alleged that I was making them or having them made." Dkt. #10, ¶ 3. Plaintiff also notes that his comment to a co-worker that his attacker should have been fired for attacking and choking him was not a threat, but an expression of constitutionally protected free speech. Dkt. #10, ¶ 4. Plaintiff also submitted a copy of the decision of the Administrative Law Judge for the Unemployment Insurance Appeal Board which found that

> The credible evidence establishes that the claimant was discharged because the employer believed an allegation that the claimant was making threats. The claimant's statement about TF was no more than his opinion as to the discipline that he felt should be imposed based upon TF's conduct, and was not a threat.

Dkt. #10, p.6.

## DISCUSSION AND ANALYSIS

**Exhaustion**

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). However, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Id., quoting, Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id., quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001).

In the instant case, the conduct supporting both the gender discrimination and retaliatory discharge claims is the decision to terminate plaintiff. Accordingly, plaintiff's retaliation claim is reasonably related to the gender discrimination claim asserted in his EEOC charge and should be deemed exhausted.

**Failure to State A Claim**

When ruling on a motion to dismiss, the Court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *Leonard F. Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). In employment discrimination cases, a plaintiff's EEOC charge may be considered either as matters referenced in the complaint or as public records subject to judicial notice. *Blunt v. Aetna/US Healthcare*, 2005 WL 1561800, at *1 (D.Conn. June 30, 2005); *McBride v. Routh*, 51 F. Supp.2d 153, 156 (D.Conn. 1999); *Nickens v. New York State Dep't. Of Corrs.*, 1996 WL 148479, at *1 (E.D.N.Y. 1996); *see also Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (treating allegations in the affidavit submitted to the EEOC as an integral part of plaintiff's pleadings).

Although the plaintiff need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss, his complaint must comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The

Court construes the complaint in the light most favorable to the plaintiff, accepting the plaintiff's allegations as true. *York v. Association of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002). The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory,* 243 F.3d at 691. "This standard applies with particular strictness where the plaintiff files a *pro se* complaint alleging civil rights violations." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Thus, the Court of Appeals has repeatedly warned that the pleading requirements in discrimination cases are very lenient, even *de minimis*. *Id.*

In the instant case, plaintiff has failed to assert any facts from which to infer that his termination was linked to any discriminatory animus against men.[1] Rather, plaintiff's allegations clearly indicate that he was terminated because his employer believed he had threatened a co-worker who had attacked him after being warned, by virtue of the last chance agreement, that he could not get into any trouble for 18 months. Title VII makes it unlawful for an employer to discharge an employee because of the employee's gender, but it does not protect an employee from a co-worker's allegedly false accusations against him. Moreover, the allegation that the female co-worker was not disciplined following her attack of plaintiff is insufficient to state a cause of action for gender discrimination because there is nothing in the record to suggest

---

[1] "In order to establish a prima facie case of discriminatory discharge, the plaintiff must show (1) that he belongs to a protected class; (2) that he was performing his duties satisfactorily; (3) that he was discharged; and (4) that his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

that the co-worker was similarly situated to plaintiff, who was subject to a last chance agreement. Finally, plaintiff's allegations cannot sustain a claim of retaliatory discharge[2] because plaintiff's statement to co-workers that his attacker should be fired is not protected activity[3] under Title VII. *See Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) ("implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII"); *Jones v. New York City Health & Hosp. Corp.*, 2003 WL 30412, at *4 (S.D.N.Y. Jan. 3, 2003) ("Unless Plaintiff can show that her complaints were based on an allegation of gender discrimination . . . and that her employers understood or should have understood them as such, she cannot assert retaliation), *aff'd*, 102 Fed. Appx. 223 (2d Cir. 2004).

Accordingly, it is recommended that defendant's motion to dismiss be granted with prejduce. *See Thomas v. Westchester County Health Care Corp.*, 232 F. Supp.2d 273, 275 (S.D.N.Y. 2002) (motion to dismiss granted and leave to amend denied where plaintiff's assertions that her employer conducted disciplinary hearings and ultimately fired her because of her gender were devoid of any assertions of fact, such as discriminatory comments indicating gender bias or preferable treatment of the opposite sex in similar circumstances, that could give rise to an inference of

---

[2] "To establish a prima facie case for retaliation, a plaintiff must demonstrate participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) (internal quotation omitted).

[3] "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz*, 202 F.3d at 566.

discrimination based on gender and were contradicted by the disciplinary proceeding transcript, which suggested that plaintiff was subjected to disciplinary proceedings because her employer concluded that she had fabricated claims of sexual harassment against a co-worker).

## CONCLUSION

Based on the foregoing, it is recommended that the defendant's motion to dismiss be granted with prejudice, and that defendant's alternative motion be denied as moot. Dkt. #6.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and the attorney for the defendant.

**SO ORDERED.**

DATED:   Buffalo, New York
August 16, 2005

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**